IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LEO FORD and BOSTON LIFE AND
ANNUITY,

        Plaintiffs,

vs.                                                   Case No. 9:16-cv-80618

KPMG LLP; BELMONT INSURANCE
MANAGEMENT; CASEY MCDONALD, et. al,

        Defendants.
_____/

## VERIFIED MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

Defendant Bradley Barros, through undersigned counsel, moves for an order disqualifying Paul Platte, Esq. as counsel for the Plaintiffs herein. As detailed in the accompanying memorandum, Mr. Platte was previously counsel to Mr. Barros in connection with the same subject matter found in the instant Complaint.

WHEREFORE, Defendant Barros moves for an order disqualifying Paul Platte as counsel for Plaintiffs.

## MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

Attorney Paul Platte, now representing the Plaintiffs, has sued Defendant Bradley Barros – a former client of Mr. Platte. As detailed below, Mr. Platte previously gave professional advice to the Defendant Barros on the same topics described in the instant Complaint.

Rule 4-1.9, of the Rules of Professional Conduct of the Rules Regulating the Florida Bar, provides that an attorney shall not represent a client in an action against a former client in a

substantially – related matter where the current client's interests are materially adverse to the interests of the former client.

This case presents perhaps an unprecedented degree of conflict. In the Complaint, Plaintiffs allege that Defendant Barros is a principal of the Defendant Bancroft and that Barros owned "ABG" (Complaint ¶ 12) ("ABG" is Association Benefits Group, Inc. See Complaint ¶ 20). Barros and Association Benefits Group became affiliated with Bancroft (Complaint ¶ 35) which – according to Plaintiffs – went into competition with Boston Life in the insurance industry.

According to Plaintiffs, the Bancroft insurance program did not qualify as an insurance product. Plaintiffs allege that the "purported tax benefit" of deductibility of premium was not available and the product being marketed was actually a "security". Complaint ¶ 59.

Attorney Paul Platte previously provided legal opinions to Mr. Barros and ABG that the insurance program <u>did indeed provide tax deductibility</u> and <u>was not a security</u>. See Ex. 1, Opinion letter of January 11, 2002. (Insurance program not a security). See Ex. 2, Opinion letter dated March 7, 2003 (insurance premiums will be deductible as a business expense). See Ex. 3, Opinion letter dated March 7, 2003 (insurance premiums will be deductible). In addition, Mr. Platte provided advice to Mr. Barros as to whether or not the insurance program would constitute a tax shelter, See Ex. 4, Memo of August 8, 2002.

In addition to the foregoing, the Complaint makes reference to proceedings in the Eastern Caribbean Supreme Court, where Boston Life filed a declaratory judgment action against 54 of its clients, seeking a determination that Boston Life was not required to return premiums previously paid by those clients. By way of background, Boston Life marketed an insurance program which contained a provision that if the client had no claims during five years of

coverage, the premiums would be returned. (See Complaint ¶ 91, 92). However, before the expiration of five years, Boston Life went into liquidation (Complaint ¶ 48) and did not return the premiums. The clients obtained a freeze order on Boston Life's assets (Complaint ¶ 94). Boston Life sought a summary judgment that it did not have to return the premiums (Complaint ¶ 93) and purportedly won summary judgment (Complaint ¶ 96).[1]

Some of the insurance customers had been "originated" by ABG (Defendant Barros' company). Mr. Barros desired to assist them in the declaratory judgment proceedings in the British Virgin Islands and consulted with attorney Paul Platte for advice as to what Mr. Barros could do to assist the insurance customers. In those discussions, Mr. Barros disclosed confidential information, and Mr. Platte gave Mr. Barros information regarding the instant co-Plaintiff Leo Ford.

## CONCLUSION

Plaintiffs' counsel, suing Bradley Barros, previously had an attorney/client relationship with Mr. Barros involving the same topics which are treated in the instant Complaint. Mr. Platte has an overwhelming conflict and cannot represent these Plaintiffs who are suing Mr. Platte's former client, Bradley Barros. Accordingly, Mr. Platte must be disqualified from further representation in this action.

## GOOD FAITH EFFORT

I certify that I conferred with Paul Platte, Esq. in accordance with Local Rule 7.1, in a good faith effort to resolve by agreement the issues raised in the foregoing motion, but have been

---

[1] The Complaint fails to advise that the summary judgment was thereafter reversed on appeal. See *Employers International and others v. Boston Life and Annuity Co., Ltd.*, HCVAP 2007/005.

unable to do so.  Mr. Platte is believed to represent the only parties who may be affected by the relief sought in this motion.

David A. Freedman

Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for Bradley Barros*
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By: /s/ David A. Freedman
    David A. Freedman
    Fla. Bar No. 161817
    dfreedman@coffeyburlington.com
    mpalmero @coffeyburlington.com
    service@coffeyburlington.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 25th day of July, 2016, on all counsel or parties of record on the attached Service List:

Paul Platte, Esq.
1465 S. Ft. Harrison Avenue
Suite 202
Clearwater, Florida  33756
Telephone:  727-474-1011
Email: paul@paulplatte.com

Case No. 9:16-cv-80618

Edward Marod, Esq.
Gunster Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500E
West Palm Beach, Florida 33401
Telephone: 561-655-1980
Email: emarod@gunster.com

By: /s/ David A. Freedman

5

Case No. 9:16-cv-80618

## VERIFICATION

Under oath, I verify that the factual matters contained in the foregoing Motion are true and correct.

Bradley Barros

STATE OF Delaware )
COUNTY OF Sussex )

ALFRED LEE CANNON
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2018

Bradley Barros, being duly sworn deposes and says that the foregoing is true and correct to the best of his knowledge or belief.

Sworn and subscribed before me this 22nd day of July, 2016.

Alfred Lee Cannon
Notary Public
My Commission Expires: March 31, 2018

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305-858-2900  F. 305-858-5261