UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80618-Civ-Zloch

LEO FORD,

Plaintiff,

vs.

KPMG LLP; BELMONT INSURANCE MANAGEMENT; CASEY MCDONALD; KRIS BEIGHTON; ANDREA DOUGLAS; GREENBERG TRAURIG, P.A.; GREENBERG TRAURIG, LLP; JEROME HESCH; GFAN; ABG; BANCROFT LIFE & CASUALTY, LTD. (aka Bancroft Life & Casualty, Ltd. and Bancroft Life & Casualty ICC, Ltd.); BRADLEY BARROS; and, PHILIP SIGEL,

Defendants.

_______________________________________/

**DEFENDANT BRADLEY BARROS' VERIFIED REPLY MEMORANDUM ON PENDING MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

Defendant Bradley Barros ("Barros"), through counsel and pursuant to Local Rule 7.1(c), provides this Reply Memorandum in support of his pending Motion to Disqualify Plaintiffs' Counsel (DE 33).

## I. ATTORNEY PLATTE'S CONTENTIONS.

Notwithstanding the existence of the various legal opinion letters written by Paul Platte, Esq. and addressed to Defendant Barros and/or Barros' company, Association Benefits Group ("ABG"), Mr. Platte contends (Verified Response, DE 46) that Barros "is hiding something from the Court" because in one of the letters attached as an exhibit to the Motion to Disqualify, the name of the insurance company is "whited out."

Mr. Platte also contends that the insurance program which was the subject of his letters was the Boston Life insurance program, not the program offered by Defendant Bancroft (which

Mr. Platte calls "Defendant Barros" insurance product." DE 46, p. 2.)

Mr. Platte further contends that Barros has not produced a written attorney representation agreement "or other documents stating there was an attorney-client relationship"; and that neither of his law firms have no records of representing Barros or being paid fees by Barros.

## II. GOVERNING LEGAL PRINCIPLES.

The touchstone to determine whether an attorney-client relationship exists in the absence of a written retainer is a subjective one; it turns upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice. *Mansur v. Podhurst Orseck, P.A.*, 994 So.2d 435 (Fla. 3d DCA 2008). The subjective belief must be reasonable. *The Florida Bar v. Beach*, 675 So. 2d 106 (Fla. 1996). The "reasonable subjective belief" test applies once the putative client has consulted with an attorney. In *Beach*, *supra*, the putative client contracted with a paralegal firm to prepare certain documents which were to be reviewed by attorney Beach, but the client never actually communicated or otherwise consulted with attorney Beach; hence, no attorney-client relationship resulted.

The existence of a formal written retainer agreement is not a prerequisite to the finding of the existence of an attorney-client relationship, nor need there be evidence that the client paid a fee. *Mansur, supra*.

Once the existence of the relationship is established, an irrebuttable presumption arises that confidences were disclosed; and if the current subject matter is substantially related to the former matter, disqualification is required. *Simon De Bartolo Group, Inc. v. Bratley*, 741 So.2d 1254 (Fla 1st DCA 1999). *Zarco Supply Co. v. Bonnell*, 658 So.2d 151 (Fla. 1st DCA 1995).

## III. BASIC FACTS.

The Platte opinion letters attached to the pending Motion as Exs. 2 and 3 explain the business structure involved. A trade association would be utilized, and persons/companies could become "members" of the trade association and thereby obtain coverage (under the master policy obtained by the trade association or its trustee) for various business risks. Defendant Barros headed Association Benefits Group, Inc. ("ABG") which solicited persons/businesses to obtain needed insurance coverage by joining a trade association.

Undeniably, Mr. Platte issued opinion letters to Defendant Barros and ABG from two law firms where Mr. Platte worked: Haynsworth Sinkler Boyd, P.A. (see Exs. 1, 2, 3 to pending Motion) and Rogers Townsend & Thomas, PC.[1]

Defendant Barros personally met with Mr. Platte in Mr. Platte's office in Columbia, South Carolina, to obtain Platte's guidance on issues relating to the business plan which ABG was or would be marketing. *See* Verification, *infra*. Thereafter, Barros would contact Mr. Platte to give him the specific names of the prospective customers to whom ABG had marketed the plan. It was through those contacts with Mr. Platte that Mr. Platte obtained the name of Thomas Salzer to place in one opinion letter (*see* Exhibit 2 to the pending Motion); the name of Stanley Krieger to place in another opinion letter (*see* Exhibit 3 to the pending Motion); and the name of Dr. Barnes to place in an opinion letter he issued when working at Rogers Townsend & Thomas, See Ex. A hereto.

## IV. APPLICATION OF LAW TO FACTS.

The contention in the Verified Response that Barros "has not produced . . . any . . .

---

[1] See Verification below and see Ex. A hereto, legal opinion letter of June 4, 2004, from Mr. Platte at the Rogers Townsend firm.

documents stating there was an attorney-client relationship" flies in the face of Exhibit 1 to the pending Motion, where Mr. Platte addresses Defendant Barros by his first name and clearly states: "You have inquired about whether the [deleted by Barros] insurance program for property and casualty and other supplemental risk is deemed to be a security . . .."[2] Thus, Mr. Platte's own correspondence ends the argument because it is undeniable that Mr. Barros made inquiry on a legal matter and Mr. Platte responded with legal advice.

The Verified Response contends that the letters in question related to "Ford's insurance program."[3] This contention utterly misses the point. In the FAC, Mr. Platte (as drafter) alleges that Defendant Barros went on to found a competitor, the Defendant Bancroft Life & Casualty (FAC ¶9, 43); Mr. Platte then unequivocally alleges, FAC paragraph 90, "Bancroft's products are knock-offs of BLA's products." If the Bancroft product was a "knock-off" of the BLA product, then Defendant Barros engaged in marketing the Bancroft program with comfort from Mr. Platte's opinion letter (Exhibit 1 to the pending Motion) that this type of program was not subject to the federal securities acts. Undoubtedly, the advice given by Mr. Platte to Defendant Barros (Exhibit 1 to the pending Motion) that the busines structure treated in the opinion letter was not a "security" flies in the face of the current contention that the Bancroft product – the alleged "knock-off" – is indeed a "security." (*See* FAC ¶¶ 76, 77, 78.)

Mr. Platte also contends, under oath, that "Barros agreed to act as exclusive marketing

[2] Barros' company, ABG, dealt with the financial advisors of potential insurance customers to introduce them to the availability of trade associations holding master insurance policies. As a precaution against the financial advisors "going behind his back," Barros sometimes utilized a version of an opinion letter with the name of the insurance carrier deleted. Such is the case with Exhibits 1 and 4 to the pending Motion. See Verification, infra.

[3] Translation: The Boston Life program.

agent for Plaintiff Ford's insurance product,[4] but Defendant Barros took Plaintiff Ford's insurance program and competed against Plaintiff Ford." (DE 46, at 2.) While this claim has nothing to do with the issue of disqualification, it would certainly indicate that Mr. Platte is a witness in this case as, by virtue of his verification of the Response, he indicates that he has personal knowledge of those alleged occurrences. In light of the Plaintiff's assertions in the First Amended Complaint that the Plaintiff personally lacked knowledge of the alleged misdeeds of Defendant Barros, Mr. Platt's assertion of personal knowledge of the alleged misconduct …indicates that Mr. Platte cannot serve on Plaintiff's advocate at trial. *Eccles v. Nelson*, 919 So.2d 658 (Fla. 5th DCA 2006). Mr. Platte's involvement in the structuring of the insurance business is self-evident from his own opinion letters, fortifying the conclusion that he will be a witness in this action if it proceeds.

## CONCLUSION

Defendant Barros requested legal advice from attorney Platte, and Mr. Platte provided that advice to Defendant Barros, on a matter identical to one of the issues raised in the FAC. Under these circumstances, it cannot conceivably be denied that Mr. Barros had manifested an

[4] Interestingly, throughout his Verified Response, Mr. Platte refers to the insurance program as being "Leo Ford's insurance program," whereas in both the original Complaint and the First Amended Complaint (the "FAC") herein, (DE 43) it is repeatedly asserted that the insurance program was one belonging to Boston Life & Annuity ("BLA"). Similarly, both the original Complaint and the FAC assert that Barros and ABG had a marketing agreement with BLA – not with Ford. *See*, *e.g.*, FAC ¶ 9: "Barros was a sales agent of Boston Life"; FAC ¶ 90: ". . . Barros was the exclusive marketing agent for BLA . . .."; FAC ¶ 92: "Barros was an integral part of the BLA marketing effort."

This semantic sleight-of-hand, substituting "Ford" for "BLA" in the Verified Response, mirrors similar changes from the original Complaint to the FAC, in an attempt to disguise the fact that the remaining Plaintiff, Ford, is attempting to assert indirect claims for losses allegedly suffered directly by BLA, which is no longer named as a Plaintiff .

attempt to seek professional legal advice; that Mr. Barros consulted with Mr. Platte in Mr. Platte's capacity as a lawyer; that Mr. Platte responded, providing a written legal opinion to Mr. Barros and that as a result, Mr. Barros had a reasonable belief that an attorney-client relationship existed between Mr. Platte and Mr. Barros. Mr. Platte cannot now turn upon his former client by representing Plaintiff Ford in this action. The pending Motion must be granted.

Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for Bradley Barros*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

By: /s/David A. Freedman
David A. Freedman, Fla. Bar No. 161817
dfreedman@coffeyburlington.com
mpalmero@coffeyburlington.com
service@coffeyburlington.com

## VERIFICATION

STATE OF California )

COUNTY OF Los Angeles)

Before me, the undersigned authority, personally appeared Bradley Barros who, being duty cautioned and sworn, states as follows:

1. I am Bradley Barros, a defendant herein. I was a principal of Association Benefits Group, Inc. ("ABG"). At one time ABG marketed a plan for trade association memberships in which the trade association (or its trustee) held a master insurance policy from Boston Life & Annuity. Neither ABG nor I were ever employees of Boston Life.

2. I was told that attorney Platte had expertise in securities, insurance and tax law. I consulted with him on legal issues related thereto. I personally met with Paul Platte in his office in Columbia, South Carolina, and communicated with him on various occasions by telephone. He advised me regarding the legal aspects of the program which ABG was marketing. I provided to Mr. Platte the names of prospective customers so that he could issue opinions to my company (ABG) with specific reference to the prospective customers such as Dr. Salzer (see Ex. 2 to the Motion to Disqualify); Mr. Krieger (see Ex. 3 to the Motion to Disqualify); and Dr. Barnes (See Ex. A hereto).

3. Ex. 1 to the Motion to Disqualify has the name of the insurance company deleted. This deletion was done shortly after receiving that opinion letter in 2002, so that I could show the letter to financial advisors for prospective customers without disclosing the name of the insurance company; I did so in order to deter the financial advisors from potentially circumventing me by going directly to the insurance company.

Bradley Barros

Sworn and subscribed before me this ________________ day of ____, 2016.

See attached

Notary Public

My Commission Expires:

notary certificate

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.**

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 16 day of August 2016,

By Bradley Barros

who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature Judy A. Lay

JUDY A. LAYLAND
COMM. # 2053810
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES JAN. 26, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via Notice of Electronic Filing generated by CM/ECF, this 16th day of August, 2016, on the following:

Paul Platte, Esq.
1465 South Ft. Harrison Avenue, Suite 202
Clearwater, Florida 33756
Tel: 727-474-1011
paul@paulplatte.com
*Counsel for Plaintiffs*

Traci H. Rollins, Esq.
Jason D. Joffe, Esq.
Ricardo Marenco, Esq.
Squire Patton Boggs (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Tel: 561-650-7200
Fax: 561-655-1509
traci.rollins@squirepb.com
jason.joffe@squirepb.com
ricardo.marenco@squirepb.com
linda.parsons@squirepb.com
judith.sibulkin@squirepb.com
*Counsel for Casey McDonald*

Jeremy James Hart, Esq.
Bast Amron LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Tel: 305-379-7904
Fax: 305-379-7905
jhart@bastamron.com
*Counsel for Belmont Insurance Management*

Edward Marod, Esq.
Gunster Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500E
West Palm Beach, Florida 33401
Tel: 561-655-1980
emarod@gunster.com
*Counsel for KPMG LLP*

Sashi C. Bach, Esq.
Sabria A. McElroy, Esq.
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale Florida 33301
Tel: (954) 356-0011
Fax: (954) 356-0022
ssinger@bsfllp.com
sbach@bsfllp.com
smcelroy@bsfllp.com
ftleserve@bsfllp.com
*Counsel for Greenberg Traurig, LLP, Greenberg Traurig, P.A. and Jerome Hesch*

Traci H. Rollins
Jason D. Joffe
Ricardo Marenco
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Facsimile: 561-655-1509
traci.rollins@squirepb.com
jason.joffe@squirepb.com
ricardo.marenco@squirepb.com
linda.parsons@squirepb.com
judith.sibulkin@squirepb.com

By: /s/David A. Freedman