**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

CASE NO.: 9:16-cv-80618

Leo Ford,

Plaintiff,

v.

KPMG LLP; *et al.,*

Defendants.

**DEFENDANT CASEY MCDONALD'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS FIRST AMENDED COMPLAINT [D.E. 69]**

Defendant Casey McDonald, by and through his undersigned attorneys, hereby files this Reply Memorandum in support of his Motion to Dismiss First Amended Complaint (D.E. 69) and in opposition to Plaintiff's Response thereto ("Plaintiff's Response") (D.E. 76). Plaintiff has failed to assert a sufficient basis for subject matter jurisdiction over Mr. McDonald, has failed to establish that Florida is a convenient forum for his claims against McDonald, has asserted no facts which would permit the exercise of personal jurisdiction over him, and does nothing to overcome the established Rule 12(b)(6) shortcomings of the First Amended Complaint.

**I. The FSIA Precludes Subject Matter Jurisdiction.**

As a threshold matter, Plaintiff refers to an unspecified violation of international law, and makes repeated reference to Mr. McDonald acting outside the scope of his authority, in violation of an "order from the [BVI] prohibiting Mr. McDonald from claiming assets for the BLA estate." (Plaintiff's Response, p. 1-2). This is a patently false statement. First, there is no such order, as evidenced by Plaintiff's failure to provide

any order. Rather, on July 14, 2016, the BVI Registrar erroneously issued a Special Certificate striking BLA off the Register, prohibiting any liquidator from carrying on any business or in any way dealing with the assets of BLA. (D.E. 35, p. 5). As Plaintiff knows,[1] soon thereafter, the BVI Registrar corrected its error, indicating that the prior Special Certificate is "hereby rescinded and void," and noting the status of BLA as "In Liquidation (Insolvent)". (Emphasis added). Thus, Mr. McDonald has not violated any order or other directive relating to BLA, the liquidation, or Plaintiff's claims in the liquidation.

Plaintiff then attempts to squeeze his challenge to the BLA Liquidation (and treatment of his claim therein), into the narrow FSIA exception of "commercial activity." The commercial activity exception provides that a foreign state is not immune from U.S. jurisdiction:

> [in any case] in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Title 28 U.S.C. § 1605(a)(2).

The U.S. Supreme Court has explained the required analysis for determining commercial activity, stating:

> . . . the question is not whether the foreign government is acting with a profit motive or instead with the aim of fulfilling uniquely sovereign objectives. Rather, the issue is whether the particular actions that the foreign state performs (whatever the motive behind them) are the *type* of actions by which a private party engages in 'trade and traffic or commerce'. . . .

[1] *See*, D.E. 69-1, p. 3, ¶ 11 and p. 11, attaching an apostilled copy of the Special Certificate.

*Rep. of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992) (emphasis in original). Applying that analysis here, the actions undertaken by Mr. McDonald as a BVI court-appointed liquidator over an insolvent BVI company are not the type of actions "by which a private party engages in 'trade and traffic or commerce,'" his actions are unique to one serving a judicial function. Such was the holding in *Best Med. Belg. v. Kingdom of Belg.*, 913 Fed. Supp. 2d 230 (E.D. Va. 2012) and the litany of other cases cited in Mr. McDonald's motion to dismiss, all holding that the FSIA does not confer subject matter jurisdiction over the actions of a sovereign state and those foreign court-appointed liquidators, commissioners, and receivers performing judicial functions for the sovereign state.

Moreover, the commercial activity exception requires a "direct effect" in the U.S. Any alleged injury suffered by Plaintiff (which Mr. McDonald strenuously denies and further argues as more properly resolved in the BVI Liquidation matter) was suffered by him in Panama, his admitted place of residence.[2] Injury to his wife and grandson as alleged beneficiaries of the BLA annuity policy is irrelevant as they are not parties to this action and thus have no standing.

Lastly, consistent with *Best Med.* and the language of the statute, Plaintiff's alleged taking of property does not rise to a violation of international law required to invoke the takings exception of 28 U.S.C. §1605(a)(3), because, as expressly required by the exception, the allegedly taken property (here, the annuity policy issued by BLA) is not and never has been present in the U.S. *in connection with* a commercial activity carried on in the U.S. Faced with the same argument, the *Best Medical* court held that

[2] *See*, D.E. 76-1, p. 1, ¶ 12.

judicial administration and sale of a financially struggling company is not a taking. *Id*. at 239.

It is Plaintiff's burden to present evidence establishing the application of an exception to the FSIA, *Best Med.* at 236, and Plaintiff has failed to meet this burden. In light of the FSIA and the absence of any exception, there is no basis for subject matter jurisdiction against Mr. McDonald.

## II. The Act of State Doctrine Does Apply and Bars Claims Against Mr. McDonald.

Plaintiff identifies Mr. McDonald's "acts within the United States" as an email to the Virgin Islands and a letter that was not even written by him. "[T]he KPMG Defendant's letter"[3] was not authored by Mr. McDonald, and the "email" (which is an unidentifiable excerpt and may not even be an email, let alone from Mr. McDonald) are not "acts" in the United States – they are acts that occurred from within the foreign sovereign's boundaries. As set forth in *World Wide Minerals, LTD. v. Republic of Kaz.*, 296 F.3d 1154 (D.C. Cir. 2002), this Court is precluded from inquiring into the validity of Mr. McDonald's public act(s) performed within the foreign sovereign's boundaries.

## III. Florida is Not a Convenient Forum.

In responding to Mr. McDonald's forum non conveniens argument, Plaintiff myopically treats "KPMG" (presumably all three separate entities named as defendants) as one and the same with Mr. McDonald. This is factually and legally incorrect. Although the Complaint is far from a model of clarity, the allegations pertaining to Mr. McDonald arise out of the BLA liquidation, over which he is a Joint Liquidator – a judicial

[3] *See,* Plaintiff's Response, p. 7.

proceeding venued in the BVI. This alone makes Florida an inconvenient forum for claims relating to the liquidator's actions.

That "KPMG is a giant corporation [and] [t]he individuals should not have to litigation (sic) out of their country" (Plaintiff's Response, p. 7) applies with equal force to Mr. McDonald. He has been sued in his own name, albeit for actions as a BLA Liquidator, all of the Joint Liquidators' records, the books and records of BLA, including those relating to the Dolphin Cove investment, and witnesses to the liquidation proceedings, are all in the BVI. Plaintiff refers to witnesses and evidence in Florida, but specifically identifies nothing. Given Plaintiff's recently admitted residence in Panama, his dispute with Mr. McDonald is "utterly unconnected with this state's interests," and this Court is far from a convenient forum. *See, Kinney Sys. v. Continental Ins. Co*., 674 So. 2d 86 (Fla. 1996).

## IV. Plaintiff Has Failed to Assert Any Facts Which Would Support the Exercise of Personal Jurisdiction Over McDonald.

Plaintiff states in conclusory fashion that "McDonald's many acts in the United States set forth below . . . " support the assertion of personal jurisdiction over him. First, it is factually inaccurate that Mr. McDonald has ever acted on behalf of Belmont, a completely unrelated entity that Mr. McDonald has never been associated with, or any "tax client" of a KPMG entity, second, it is only personal contacts in Florida (and not the entire U.S.) that are relevant,[4] and, third, notwithstanding his vast generalization,

[4] The minimum contacts/due process analysis focuses on the relationship between the defendant, the forum, and the litigation, and the defendant's conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 2014 WL 700098 (Feb. 25, 2014). The relationship must arise out of contacts that defendant himself creates with the forum state, rather than merely with persons who reside there. ("The proper question is not where the

Plaintiff does not cite to any facts which would fulfill his burden as to the exercise of personal jurisdiction. Moreover, Plaintiff neglects to address his pleading failure in identifying whether he is proceeding under specific or general jurisdiction. No matter – neither can be sustained. Plaintiff summarily refers to Fla.Stat. § 48.193(1)(a) 1, 2 and 4, but asserts absolutely no facts to support the assertion of operating a business in Florida, committing a tortious act within Florida, or contracting to insure a person in Florida. The closest Plaintiff comes to showing any contact by Mr. McDonald with the State of Florida is the letter attached to Plaintiff's affidavit (D.E. 76-1, at p. 8). However, this letter was sent to North Carolina, not Florida, and was sent not to Plaintiff, but rather to an individual that is not a party to, and has absolutely nothing to do with this lawsuit. Moreover, the July 8, 2016 letter which Plaintiff repeatedly concludes is "mail fraud," is correspondence sent not by Mr. McDonald, but rather by Joint Liquidator Russell Crumpler. Lastly, that "KPMG billed and Ford paid invoices from Florida" (Plaintiff's Response, p. 8) has no bearing on personal jurisdiction over Mr. McDonald. Plaintiff has wholly failed to meet his burden under *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), and personal jurisdiction against Mr. McDonald cannot be sustained.

WHEREFORE, Defendant Casey McDonald respectfully requests that this Court grant his Motion to Dismiss, and enter such other and further orders as it deems just and appropriate.

---

plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.") *Walden*, 2014 WL 700098, at *7.

Dated: September 26, 2016

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561.650.7200
Facsimile: 561.655.1509

By: *<u>/s/ Traci H. Rollins</u>*
Traci H. Rollins
Florida Bar No. 769071
Email: traci.rollins@squirepb.com
Jason D. Joffe
Florida Bar No. 0013564
Email: jason.joffe@squirepb.com
Ricardo Marenco
Florida Bar No. 0113008
Email: Ricardo.marenco@squirepb.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on September 26, 2016, through Case Management/Electronic Case Filing ("CM/ECF") which sent notices of electronic filing to all parties indicated on the electronic filing receipt.

*<u>/s/ Traci H. Rollins</u>*
Traci H. Rollins
Florida Bar No. 769071

010-8266-3952/2/AMERICAS