**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

CASE NO.: 9:16-cv-80618

Leo Ford,

Plaintiff,

v.

KPMG LLP, *et al.*,

Defendants.

**DEFENDANTS' RUSSELL CRUMPLER, JAMES DRURY, AND KPMG (BVI) LTD. MOTION TO DISMISS FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendants, Russell Crumpler, James Drury, and KPMG (BVI) Ltd., by and through their undersigned attorneys, move for an order dismissing the First Amended Complaint in its entirety, on those very same bases set forth in Defendants' Casey McDonald and Kris Beighton Motions to Dismiss (D.E. 69 and 91)[1], namely the lack of subject matter jurisdiction and *forum non conveniens*; the lack of personal jurisdiction over Messrs. Crumpler and Drury, and KPMG (BVI), Ltd. ("KPMG BVI"), and as well because Plaintiff has failed to state a claim upon which relief can be granted.

[1] Hereinafter, collectively, the McDonald/Beighton MTD.

## BACKGROUND

1. Plaintiff's claims against Messrs. Crumpler and Drury, and KPMG BVI are identical to those asserted against Messrs. McDonald and Beighton; they are, in essence, a challenge to the currently pending British Virgin Islands ("BVI") liquidation of now-dismissed plaintiff Boston Life & Annuity Company Limited ("BLA").

2. On October 25, 2011, Mr. Crumpler replaced Mr. Beighton and was appointed as Joint Liquidator over BLA, along with Mr. McDonald. *See* Declaration of Russell Crumpler, ¶¶ 4, 5, attached hereto as Exhibit A.

3. At no time whatsoever were either Mr. Drury or KPMG BVI the Liquidators of BLA; that is a position that can only be held by individuals, and has been occupied solely by Messrs. McDonald, Beighton and Crumpler. *Id*. at fn1; Declarations of James Drury and KPMG (BVI) Ltd., ¶¶ 3 and 9, respectively, attached hereto as Exhibits B and C, respectively.

4. Set forth here again for the convenience of this Court are those allegations in the First Amended Complaint which challenge the Liquidation itself, the actions of the liquidators, and the BVI court in which the Liquidation is pending:

> "The Conspirators[2] continue up to and including July 8, 2016, in their ongoing criminal enterprise . . ." (A. Complt., ¶ 51).
>
> "Orders KPMG obtained from the BLA liquidation[3] are unenforcable [sic] as the liquidation estate appointment, liquidation estate operation, and liquidation estate orders were obtained by fraud . . ." (A. Complt., ¶ 56);

---

[2] Plaintiff fails to define "Conspirators," but the context implies inclusion of Mr. Crumpler, and also on the wrong assumption that they were co-liquidators, Mr. Drury and KPMG BVI.

[3] KPMG BVI received no orders from the BVA Liquidation. KPMG BVI Declaration, ¶¶ 6, 7.

"In furtherance of the RICO conspiracy, the Conspirators continue the mail fraud and wire fraud as recently as July 8, 2016,[4] when the KPMG "Defendants sent out fraudulent mail and wires to Ford and his lawyer . . ." (A. Complt. ¶¶ 3, 57);

"[t]he liquidators failed in their duties" (A. Complt., ¶ 62);

"KPMG, AS LIQUIDATOR,[5] INTENTIONALLY NEGLECTED ITS FIDICIARY [sic] DUTIES" (A. Complt., Heading G, p. 16, and ¶¶ 63-64) (emphasis in original);

"Defendants refused to provide Ford with information about BLA while the KPMG Defendants managed BLA before, during and after the liquidation" (A. Complt., ¶ 119);

"KPMG, McDonald, Beighton, Crumpler, and Drury should never have accepted the position as liquidators" (A. Complt., ¶ 125);

"[a]lthough Ford was the major single creditor at liquidation, KPMG, McDonald, Beighton, Crumpler, and Drury refused to allow him on the Creditors' Committee . . ." (A. Complt., ¶ 128); and

"KPMG, McDonald, Beighton, Crumpler, and Drury refuse to pay and claims loans and distributions" (A. Complt., ¶ 130).

5. These allegations are inaccurate as a matter of law, but notably, as pointed out above, as to Drury and KPMG BVI (and any generic reference to "KPMG"), and as to Crumpler's involvement with the BLA Liquidation pre-October, 2011, they are factually incorrect.

6. As well, the causes of action themselves, while legally deficient, appear to be premised on actions by the BLA co-liquidators. *See,* for example, Count X, Fraudulent Transfer, which again makes reference to the July 8, 2016 liquidator's letter, and the liquidation estate itself.

[4] Plaintiff's allegation of "fraudulent mail" dated July 8, 2016, is a reference to a letter from Russell Crumpler, as Joint Liquidator, concerning the BLA Liquidation. A copy of such letter (without enclosures) is attached as Exhibit D and is incorporated herein.

[5] Again, KPMG BVI was never a liquidator of BLA. KPMG Declaration, ¶ 9.

7. As more fully set forth below, and as incorporated by reference to the McDonald/Beighton MTD, these allegations and the putative claims they support are more properly brought in the Liquidation itself, currently being heard in The Eastern Caribbean Supreme Court, BVI, Claim Number BVI HCV 2007 10290.

**MEMORANDUM OF LAW**

## I. This Action Should be Dismissed With Prejudice For Lack of Subject Matter Jurisdiction.

As fully discussed in the McDonald/Beighton MTD, the Foreign Sovereign Immunity Act ("FSIA") provides the exclusive basis and means to bring an action against a foreign sovereign in the United States. *See Guevara v. Republic of Peru*, 608 F.3d 1297, 1305 (11th Cir. 2010). Under the FSIA, a foreign state is immune from the jurisdiction of this Court (or any United States court) except as provided in Title 28 §§1605-1607. 28 U.S.C. §1604.

As explained in the McDonald/Beighton MTD, and as applicable to Mr. Crumpler, a BVI court-appointed liquidator is a foreign state within the meaning of the FSIA. *Best Med. Belg., Inc. v. Kingdom of Belg.,* 913 F. Supp. 2d 230 (E.D. Va. 2012) (FSIA precluded subject matter jurisdiction over Belgium Court appointed administrator); *see also Fabe v. Aneco Reinsurance Underwriting, Ltd.*, 784 F. Supp. 448, 449-51 (S.D. Ohio 1991) (holding that liquidators appointed by the Bermuda Supreme Court to marshal the assets of defendant Bermudan company and generally wind up the company's affairs were included under the FSIA's definition of foreign state); *Granville Gold Trust-Switzerland v. Commissione Del Fullimento/Inter Change Bank*, 924 F. Supp. 397, 408 (E.D.N.Y. 1996) (holding the same regarding the individual members of

a commission appointed by a Swiss court of appeals to supervise a Swiss bank's liquidation); *Refco, Inc. v. Galadari*, 755 F. Supp. 79, 80, 82 (S.D.N.Y. 1991) (holding same regarding committee of receivers appointed by the government of Dubai to liquidate an Emirati company).

As it is with Messrs. McDonald and Beighton, *Best Med.* is factually on point here as to Mr. Crumpler. That court determined that the foreign court is considered the foreign state itself due to its core governmental function, and the administrators in the bankruptcy restructuring acted pursuant to the court's appointment. *Id*. at 241. As such, it held that the FSIA precluded subject matter jurisdiction over the court-appointed administrators. "The prudence with which [the administrators] conducted themselves in their administration of [the foreign company] . . . is beyond the jurisdiction of this Court." *Id*. at 241. The same can, and should, be said of Messrs. Beighton, McDonald, and Crumpler as BVI court-appointed liquidators of BLA. That Mr. Drury and KPMG BVI were never BLA Liquidators, despite Plaintiff's erroneous allegations to the contrary, only makes for a stronger case. Any activity which they conducted at the request of, and for the benefit of BLA and its Liquidators is most properly addressed in the courts of the foreign sovereign and not in the United States.

Moreover, the limited statutory exceptions to the FSIA have no application here. That is, 28 U.S.C. §1605(a)(2) provides a "commercial activity" exception for acts carried on in the U.S. by the foreign states. Neither the three BLA liquidators, nor Mr. Drury, nor KPMG BVI carried on any commercial activity in the U.S., and, the actions of the BVI Court appointed liquidators are not the "type of actions by which a private party engages in 'trade and traffic or commerce.'" *Rep. of Argentina v. Weltover*, 504 U.S.

607, 614 (1992). Such was the holding in *Best Med.* and the other FSIA cases cited in the McDonald/Beighton MTD. No other exceptions apply, and Plaintiff cannot meet his burden of proving that federal subject matter jurisdiction is proper.

**II. The Act of State Doctrine Bars the Claims.**

The act of state doctrine limits the power of the United States courts to examine and impugn the acts of another sovereign. *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 401 (1964). This doctrine "is applicable when `the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within' its boundaries." *World Wide Minerals, LTD. v. Republic of Kaz.*, 296 F.3d 1154, 1164 (D.C. Cir. 2002) (internal brackets omitted) (quoting *W. S. Kirkpatrick & Co. v. Environmental Tectonics Corp. Int'l*, 493 U.S. 400, 405 (1990)).

The *Best Med.* court considered this doctrine in "doubt[ing] the existence of jurisdiction to pass judgment upon the acts of a foreign state." *Best Med.* at 241. As is true of Messrs. Beighton and McDonald, as well as Mr. Crumpler, and their actions as BVI court-appointed liquidators (as alleged in the First Amended Complaint), along with any actions that may be imputed to Mr. Drury and KPMG BVI, the challenged actions in *Best Med.* were those of individuals operating as officers of the Belgian court, and the court declined to adjudicate the propriety of defendants' actions. This Court should do the same.

**III. This Action Should Be Dismissed For *Forum Non Conveniens*.**

A district court may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject matter and personal jurisdiction, when questions of

convenience, fairness, and judicial economy so warrant. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). "Under the federal doctrine of *forum non conveniens*, 'when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case,' even if jurisdiction and proper venue are established." *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994); *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009).

The considerations set forth by the U.S. Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) apply with equal force to Messrs. Crumpler and Drury, and KPMG BVI, as described in the McDonald/Beighton MTD, incorporated herein by reference. Specifically, there is already an adequate alternative forum available which possesses jurisdiction over all claims asserted, and in which an adequate potential remedy is afforded to Plaintiff. That forum is the BVI court presiding over the BLA Liquidation, which action contemplates the same substantive matters as those alleged here. Moreover, as more fully set forth in the McDonald/Beighton MTD, by virtue of submitting claims in the BLA Liquidation, Plaintiff has already submitted to the jurisdiction of the BVI court. *See* § 175(1)(c) of the BVI Insolvency Act, 2003. Permitting a party subject to the jurisdiction of a foreign bankruptcy proceeding to pursue claims in the U.S. would "contravene the fundamental purpose of granting comity . . . ." *Bertisch v. Drory,* 4 Misc. 3d 1023(A) at *4 (N.Y. Sup. Ct. 2004); *Finance*

*AG Zurich v. Banco Economico S.A.,* 192 F.3d 240, 248-50 (2d Cir. 1999)(dismissing claim in favor of Brazil bankruptcy on grounds of international comity). The easiest, most expeditious and inexpensive forum for handling this case is that which has already undertaken adjudication of it: the BVI court.

The alleged damages incurred by Plaintiff arise from actions undertaken in the BVI. The BVI forum is available and adequate and witnesses and documents are more readily accessible in the BVI. Witnesses involved in the Liquidation are invariably in the BVI, and therefore cannot be compelled for live attendance at a trial in the Southern District of Florida. Lastly, but of equal importance, the public interest favors dismissal as the difficulty of applying BVI law makes trying the case in Florida federal court more burdensome.

There is no local interest in having this particular controversy decided in Florida, and the BVI has already expressed an interest in resolving this matter by virtue of the Liquidation pending there. Accordingly, this Court should decline to exercise jurisdiction over this matter and dismiss it pursuant to the doctrine of *forum non conveniens*.

## IV. There Is No Personal Jurisdiction.

### A. Neither Messrs. Crumpler and Drury, nor KPMG BVI is Subject to Long-Arm Jurisdiction in Florida.

#### 1. Specific Jurisdiction Is Neither Asserted Nor Supported.

Under the first part of the jurisdictional inquiry, this Court must determine whether Florida's long-arm statute authorizes the exercise of personal jurisdiction. Subsection (1) of the long-arm statute sets forth the requirements for the exercise of "specific" personal jurisdiction. That section provides that "[a] person, whether or not a citizen or

resident of this state, who personally or through an agent," commits any one of a number of enumerated acts *in this state*, submits himself to the jurisdiction of the courts "for any cause of action *arising from*" such act. *See* Fla. Stat. § 48.193(1)(a) (emphasis added). Absent satisfaction of this "connexity" requirement, specific jurisdiction does not exist. *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 1246, 1269 (S.D. Fla. 2001).

In the First Amended Complaint, Plaintiff merely asserts, incorrectly, and in cursory fashion, that "Defendants conduct business in this District and/or reside in this District" (A. Complt., ¶ 11). Messrs. Crumpler and Drury, and KPMG BVI, do neither[6]. Plaintiff does not (and cannot) assert specific jurisdiction.

**2. None of Messrs. Crumpler and Drury, and KPMG BVI Have Sufficient Individual Contacts with Florida to Establish General Jurisdiction.**

Subsection (2) of Florida's long-arm statute, providing for "general" personal jurisdiction, eliminates the connexity requirement. The level of contacts required to establish general jurisdiction "must be especially pervasive and substantial." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1294 (S.D. Fla. 2009) (quoting *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002)).

Additionally, the Supreme Court of Florida has adopted the corporate shield doctrine which provides that a court cannot consider a defendant's contacts with Florida for purposes of personal jurisdiction if those contacts were made in his capacity as a corporate agent. *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993). That is, the

[6] *See* Crumpler, Drury, and KPMG BVI Declarations, respectively.

corporate shield doctrine draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. *See Radcliffe v. Gyves*, 902 So. 2d 968 (Fla. 4th DCA 2005). In order to overcome the corporate shield and consider a defendant's acts committed as an employee or agent, the plaintiff must show that the acts constitute intentional tortious conduct purposefully directed at Florida. *Office of the AG, Dep't of Legal Affairs v. Wyndham Int'l*, 869 So. 2d 592, 597 (Fla. 1st DCA 2004).

**3. None of the Contacts of Messrs. Crumpler and Drury, and KPMG BVI With Florida Are Substantial, Systematic and Continuous.**

Plaintiff fails to allege any basis on which general jurisdiction is satisfied and for this reason alone, the action should be dismissed. *See Corneal v. CF Hosting, Inc.*, 187 F. Supp. 2d 1372, 1376 (S.D. Fla. 2001) (granting defendants' motion to dismiss because plaintiffs "failed to plead sufficient material facts to form a basis for personal jurisdiction" over the defendants).

Further, as each of these defendants declares, they meet none of the factors regularly cited to support the exercise of general jurisdiction. *See* generally, Declarations of Crumpler, Drury, and KPMG BVI.

**4. Exercising Personal Jurisdiction Would Offend Due Process.**

Exercising personal jurisdiction in Florida "would transgress traditional notions of fair play and substantial justice." *Cable/Home Comm'n Corp. v. Network Prods, Inc*., 902 F.2d 829, 858 (11th Cir. 1990). In making this determination, the court considers "the burden on the defendant of defending the suit in Florida; Florida's interest in adjudicating the suit; the plaintiff's interest in obtaining effective relief; the interests of

the interstate judicial system in using resources efficiently; and the interests of the states in furthering shared substantive policies." *Einmo v. Aecom Gov't Servs.*, 2007 U.S. Dist. LEXIS 63293, *26 (M.D. Fla. Aug. 7, 2007).

Florida has little interest in resolving a dispute over actions by BVI court-appointed liquidators as to a BVI company. Not only does jurisdiction for resolving this dispute reside in the BVI, but all of the evidence (the liquidators' books and records) and the attendant witnesses (including the liquidators and the majority of those connected to the BLA liquidation estate) are in the BVI, and Messrs. Crumpler and Drury, and KPMG BVI would be forced to incur international travel to defend a lawsuit in Florida that is unrelated to any acts committed in Florida.

Significantly, effective relief is available to Plaintiff in the Liquidation proceeding in the BVI. Thus, the burden here on two BVI residents working there and a BVI company to defend themselves in Florida far outweighs the burden to Plaintiff, who can obtain relief from a proceeding already in progress. For these reasons, exercising personal jurisdiction would be unfair.

In conclusion, neither Messrs. Crumpler and Drury, nor KPMG BVI are subject to personal jurisdiction in Florida, and each of the claims asserted against them should be dismissed.

**V. Each of the Counts Fails to State a Claim Upon Which Relief Can Be ` Granted, under Rule 12(b)(6).**

Plaintiff's factual allegations are insufficient to show that these defendants engaged in any conduct that would support any of the ten causes of action set forth in his First Amended Complaint. (It must be assumed that all 10 counts are asserted

against each of the defendants, but that is far from clear). Moreover, no distinction is made among allegations as to the 18 defendants, and so each are left to guess as to capitalized terms that are not defined, assertions that are not factually supported, and a narrative that is utterly confusing. Viewed in the most favorable light, the allegations are nothing more than bare legal conclusions which fail to provide sufficient notice of the alleged wrongful conduct.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the non-moving party must show plausible factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. Rule 12(b)(6) requires the Court to accept all factual allegations in a complaint as true and to be taken in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, this principle does not apply to legal conclusions in that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Here, the Amended Complaint merely regurgitates the applicable federal statutes and recasts them as "factual" allegations. The "factual" allegations are mere conclusions, nothing more. The Amended Complaint epitomizes the type of pleading deemed insufficient in *Iqbal.* Accordingly, based upon *Twombly* and *Iqbal*, the

Amended Complaint does not meet the Rule 8 pleading requirements, making dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure appropriate.

**WHEREFORE**, Defendants Russell Crumpler, James Drury, and KPMG (BVI) Ltd. respectfully request that this Court grant their Motion to Dismiss, and enter such further relief as it deems just and appropriate.

Dated: February 14, 2017

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: 561.650.7200
Facsimile: 561.655.1509

By: *<u>/s/ Traci H. Rollins</u>*
Traci H. Rollins
Florida Bar No. 769071
Email: traci.rollins@squirepb.com
Jason D. Joffe
Florida Bar No. 0013564
Email: jason.joffe@squirepb.com
Ricardo Marenco
Florida Bar No. 0113008
Email: Ricardo.marenco@squirepb.com
***Attorneys for Defendants Russell Crumpler, James Drury, and KPMG (BVI) Ltd.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 14, 2017, through Case Management/Electronic Case Filing ("CM/ECF") which sent notices of electronic filing to all parties indicated on the electronic filing receipt.

*<u>/s/ Traci H. Rollins</u>*
Traci H. Rollins
Florida Bar No. 769071

010-8427-6016/2/AMERICAS