UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80618-CIV-ZLOCH

LEO FORD,

       Plaintiff,

                                     **FINAL ORDER OF DISMISSAL**

vs.

KPMG LLP, et al.,

       Defendants.

_____/

    THIS MATTER is before the Court upon Defendants KPMG LLP's Motion To Dismiss Second Amended Complaint (DE 169), Defendants Belmont Insurance Management, Ltd., and Andrea Douglas's Motion To Dismiss Leo Ford's Second Amended Complaint (DE 170), Defendants Casey McDonald, Kris Beighton, Russell Crumpler, James Drury, and KPMG (BVI), Ltd.'s, Motion To Dismiss Second Amended Complaint (DE 171), and Defendants Casey McDonald, Kris Beighton, Russell Crumpler, James Drury, and KPMG (BVI), Ltd.'s, Unopposed Motion For Leave To Exceed Page Limit (DE 168). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

    By its prior Order (DE 155), the Court dismissed Plaintiff Leo Ford's First Amended Complaint (DE 43) because said Complaint failed to allege its RICO claims with particularity, among other reasons. The Court instructed Plaintiff Leo Ford (hereinafter "Plaintiff") to file a second amended complaint consistent with the terms of said Order.

Accordingly, Plaintiff filed his Second Amended Complaint (DE 160), which includes two Counts and names the following Defendants: KPMG LLP, KPMG BVI Limited, James Drury, Russell Crumpler, Belmont Insurance Management, Casey McDonald, Kris Beighton, and Andrea Douglas.  Count I of Plaintiff's Second Amended Complaint (DE 160) is a Civil Racketeer Influence and Corrupt Organization Act (hereinafter "RICO") claim pursuant to 18 U.S.C. § 1962(c) and Count II is a RICO conspiracy claim pursuant to 18 U.S.C. § 1962(d).

The Eleventh Circuit has held that Fed. R. Civ. P. 9(b) is applicable to civil RICO claims. See Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F. 3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." (citing Fed. R. Civ. P. 9(b)(further citations omitted)).  Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  In other words, "under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).  Or, another often quoted description is that Rule 9(b) is satisfied if the complaint sets

forth the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Intern., Inc., 256 F. 3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

This heightened pleading requirement of Rule 9(b) is designed to notify each defendant of the misconduct he or she is accused of committing. Thus, a plaintiff may not lump multiple defendants together because this constitutes impermissible "group pleading." See e.g., Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F. 3d 1364, 1381 (11th Cir. 1997). Instead, a plaintiff must differentiate its allegations. Id.

The precise amount of detail required to meet Rule 9(b) varies from case to case depending on such factors as the pleader's access to the facts and the complexity of the claim. See e.g., In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F. 3d 198, 216 (3d Cir. 2002). And courts have acknowledged several scenarios in which Rule 9(b)'s standards may be relaxed, such as where the relevant information is within the opposing party's exclusive control or where material facts will not be available until discovery. See e.g., U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F. 3d 220, 226 (1st Cir. 2004); In re Rockefeller Center Properties, supra.

3

In its prior Order (DE 155), the Court stated that Plaintiff's First Amended Complaint (DE 43) "is long, but it is decidedly lacking in the detail required to conform with Rule 9(b)." DE 155, pg. 4. Plaintiff's Second Amended Complaint (DE 160) is even longer yet still fails to conform with 9(b). The allegations in said Complaint are presented poorly and haphazardly, and often lack necessary details, making it difficult to determine what is being alleged against particular Defendants.

Among the defects noted by the Court's prior Order (DE 115), was the problem of group pleading. The Court noted that in the prior Complaint (DE 43) Plaintiff conflated the "KPMG Defendants" and failed to specify which Defendant took a particular action. In the Second Amended Complaint (DE 160), Plaintiff rectifies this problem to an extent by making particular allegations against specific Parties in the "Predicate Acts" section of said Complaint. However, what specificity is achieved in the Predicate Acts section is undermined by the confusing collection of allegations in the section preceding it, titled "Facts." The information, such as it is, in that preceding section is necessary to provide background to the specific allegations in the Predicate Acts section. Without background facts the allegations in the Predicate Acts section are merely conclusory. The background factual allegations include multiple instances of group pleading, in which the "KPMG Defendants" are named generally or in which multiple Defendants are

named specifically but the individual conduct of each is not specified. To the extent that the Predicate Acts section specifies particular conduct, it is not enough to disentangle the web of allegations that precede it and give Defendants a clear idea of what is being alleged against them.

Likewise, the Court's prior Order (DE 155) named shotgun pleading as a defect in the prior Complaint (DE 43) and this defect has not been cured in Plaintiff's latest Complaint (DE 160). The first paragraph of each Count in said Complaint "adopts, reiterates, incorporates by reference and re-alleges" all preceding paragraphs. DE 160, §§ 399, 414. In so doing Plaintiff incorporates an enormous number of confusing, convoluted, and poorly written allegations into both Counts and incorporates the first Count into the Second Count. The Eleventh Circuit has identified complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" as a variety of shotgun pleading along with complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Second Amended Complaint (DE 160) fits both descriptions. All varieties of shotgun pleading "fail . . . to give the defendants adequate notice

of the claims against them and the grounds upon which each claim rests." Id. at 1323. Because of its shotgun pleading, the Second Amended Complaint (DE 160) fails to give adequate notice to Defendants.

In their Motions To Dismiss (DE Nos. 169, 170, & 171) Defendants seek dismissal of the above-styled cause on numerous grounds, but the Court need not address all of them. The aforementioned defects in the Second Amended Complaint are sufficient grounds for dismissal.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant KPMG LLP's Motion To Dismiss Second Amended Complaint (DE 169), Defendants Belmont Insurance Management, Ltd., and Andrea Douglas's Motion To Dismiss Leo Ford's Second Amended Complaint (DE 170), and Defendants Casey McDonald, Kris Beighton, Russell Crumpler, James Drury, and KPMG (BVI), Ltd.'s, Motion To Dismiss Second Amended Complaint (DE 171) be and the same are hereby **GRANTED** to the extent provided herein;

2. Defendants Casey McDonald, Kris Beighton, Russell Crumpler, James Drury, and KPMG (BVI), Ltd.'s, Unopposed Motion For Leave To Exceed Page Limit (DE 168) be and the same is hereby **GRANTED**, in that the Court accepts Defendants' pleading as filed, in excess of the allowable page limit;

3. The above styled cause be and the same is hereby

6

**DISMISSSED**; and

    4. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot, with the exception of the pending Motion To Withdraw (DE 193) which the Court will address by separate Order.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this _31st_ day of October, 2018.


                    WILLIAM J. ZLOCH
                    Sr. United States District Judge

Copies furnished:

All Counsel of Record